UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GABRIEL PEREZ VELASQUEZ,

Petitioner,

v.

Patrick, DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; Todd M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; Christopher J. LAROSE, Warden of Otay Mesa Detention Facility.

Respondents.

Case No.:  26-cv-0593-GPC-JLB

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

On January 29, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner was detained by Respondents on December 2,

1

2025, and has not been provided with a bond hearing. *Id.* ¶ 20. In his petition, Petitioner seeks immediate release from custody or, alternatively, a constitutionally adequate bond hearing. ECF No. 1, at 8.[1]

On February 5, 2026, Respondents filed a response to the petition. ECF No. 4. Respondents concede that, in light of the district court's entry of final judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), Petitioner is detained under 8 U.S.C. § 1226(a). Thus, Respondents acknowledge that Petitioner is entitled to an order from this Court directing a bond hearing in accordance with § 1226(a). ECF No. 4, at 2.

Petitioner was given until the end of February 9, 2026, to file a traverse. *See* ECF No. 2. While the Court acknowledges that the time to file a traverse has not yet passed, upon review of the Petition and Response, the Court finds that additional argument is not necessary to inform its decision.

The Court **GRANTS IN PART** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

To the extent that Petitioner requests release, such a request is premature. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the laws as to Petitioner. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.

Accordingly, the Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable and not more than ten (10) days after the issuance of this Order. Respondents are **ORDERED** to **FILE** a Notice of Compliance within seven (7) days of providing Petitioner with a bond hearing.

---

[1] Page numbers are based on the CM/ECF pagination

26-cv-593-GPC-JLB

Should Respondents release Petitioner on bond, Respondents **SHALL NOT** re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.[2]

The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  February 9, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1, at 8. That request is DENIED without prejudice. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.